JAMES G. LAMPHERE *v.* JAMES COWEN.

*Amendment. Ad Damnum. General Assumpsit. Exceptions.
Arbitrament and Award. Notice. Former Suit.*

A writ and declaration wanting in nothing but an *ad damnum* is amendable in that
particular.

When an action of general assumpsit has been tried upon the merits, the supreme
court will not entertain an objection that the form of action was general instead
of special, where it is apparent that the judgment, if affirmed, will be a protec-
tion to the party in reference to the matter absolutely litigated, unless the objec-
tion is raised in the county court.

L. and C. were partners and failed, and all their property was attached by partner-
ship creditors. Differences as to their partnership matters existing between them
were submitted to arbitration, and an award was made, (1) that $808.49 was
due to L. from C., (2) that L. should have a claim against C. for any firm debts
that L. should thereafter pay, as C. had all the partnership effects. The
award was dated December 5, 1865, but was not published until March, 1866,
when L. first knew its provisions. December 9th and 11th, L. and C. settled
two suits against them by L. giving two notes for his part of the debts, with the
knowledge of C., and by C. making other provisions as to his part, which notes
L. subsequently paid, and brought this suit in general assumpsit against C. to re-
cover the amount so paid, without having notified C. of the payment and demand-
ing the sum of him. On trial said award was put in evidence by L. under objection
and exception, and C. requested the court to charge that L. could not recover in
general assumpsit without first giving such notice.

*Held,* that neither point was sufficient to raise the question in the supreme court that
this claim could not be collected in the action of general assumpsit.

*Held,* also, that there was no necessity of notice before bringing suit.

(Lord ABINGER'S rule as to notice, "that when a party stipulates to do a certain thing
in a certain specific event which may become known to him, or with which he
can make himself acquainted, he is not entitled to notice unless he stipulates for it;
but when it is to do a thing [in an event] which lies within the peculiar knowledge
of the other party, then notice ought to be given him," approved.)

*Held,* also, that under the finding of the jury these debts, though settled as stated
after the submission and before the award was published, were included in the debts
the defendant was by the award to pay.

*Held* that a recovery in this case was not barred by another action by L. against C.
for said $808.49. L. was not bound to treat the execution of the notes as payment
and sue for it in the former action, which was upon a separate and distinct branch
of the award.

ASSUMPSIT in the common counts for money paid. Pleas, the general issue, offset, settlement, accord and satisfaction, and former recovery. Trial by jury, December term, 1868, BARRETT, J., presiding.

The plaintiff offered in evidence an award between the parties, dated December 5, 1865, signed by John Porter and Samuel E. Pingree, arbitrators, which is referred to; basing his claim to recover for payments made by him, falling within the second section of said award. The defendant objected to its being admitted. Objection overruled, and the award, duly proved, was admitted, to which the defendant excepted. The plaintiff, at the close of his evidence, put in a record of the judgment of the supreme court in favor of the plaintiff against the defendant, and proved that the recovery was exclusively upon and under the first section of said award. The suit in that case was entered at the May term of the Windsor county court, 1866. The plaintiff gave evidence tending to show that in May, 1865, he and the defendant entered into company in the business of buying and driving to market, on joint account, cattle and sheep, which business they prosecuted until the next October, when they were attached by various creditors, their property taken, and their said business closed; that Quimby was one of the attaching creditors, and Kenyon was also one; that Quimby's suit was settled and ended by the plaintiff giving his note signed by his son for one-half the company debt, being $85, dated December 9, 1865, in full discharge of his liability to said Quimby; the defendant at the same time acting in concert and concurrence with the plaintiff, arranging on his own account in respect to the other half of said debt; that Kenyon's suit was settled in the same way; that the plaintiff's object was to get up his name, and have these creditors release him and his private property, all of which had been attached on company debts; that the note to Kenyon was for $77.15, dated December 11, 1865; that the plaintiff paid both of said notes, but not till after his former suit on said award, as per the aforesaid record, had been brought. His claim for recovery in this suit was for what he thus paid on said notes. The evidence showed that said award was not published till the early part of March, 1866, and the plaintiff testi-

fied, without contradiction, that he knew nothing what the award was or was to be till it was so published.

The plaintiff's evidence tended to show that the matter of said Quimby and Kenyon debts was laid before the arbitrators under submission, and their history and situation shown, and that as they had not been then settled, and the suits still pending, and the plaintiff's property under attachment upon them, they were not embraced in, but were designedly left out of, the first section of said award, and were by the arbitrators designed and understood to be embraced in and provided for by the second section of said award, in case the plaintiff should pay any thing upon said debts.

There was no evidence that there was any agreement or understanding between the parties that the settlement of said Quimby and Kenyon suits was in any way final as between them, or to exclude the matter of those suits and their settlement from the ultimate accounting and settlement between the parties. The evidence showed that upon the failure of the parties as above set forth, they made ineffectual attempts to settle with each other the said partnership business and matters, and at length they submitted the same to the arbitrament and award of said Porter and Pingree, who proceeded under said submission, along within the month of November and early part of December, to hear the same at several different times, and said award was the result at which they arrived, in adjusting said matters.

The evidence on the part of the plaintiff tended to show that the defendant had and held all the property and money and means of said partnership up to and at the time of said failure and submission, and that the plaintiff had never received any thing of them, nor obtained any thing upon his aforesaid judgment against the defendant.

The evidence showed that the plaintiff had paid said notes, to Quimby and to Kenyon, before he brought this suit, but he did not make demand on the defendant for the money so paid before beginning this suit.

By the cross examination of the plaintiff, and other testimony, the defendant sought to prove that the Kenyon debt was the individual debt of the plaintiff, and not that of the company; and the

question upon this evidence was submitted to the jury in a satis-
factory manner.

The defendant requested the court to charge the jury

1st. "If the parties voluntarily settled a company debt, mutu-
ally agreeing what sum each should pay, that settlement is binding
on the parties, and cannot be overruled by the terms of an award
published three months thereafter.

2d. "An award does not take effect, or become binding on the
parties, till after publication, and a settlement made by parties be-
fore publication is as binding as though made before submission;
the award is not retroactive.

3d. "The plaintiff cannot recover in his action of general as-
sumpsit, without giving notice to the defendant that he had a claim
against him for money paid, and making a demand on him for
the same before suit.

4th. "If the several sums were due the plaintiff at the time of
former suit by virtue of the award, and he did not present them
or make any claim for them, he is barred from having a second
suit on the same; at all events cannot recover costs in this suit.

5th. "The paying over of what money Lamphere has received
on company matters, is made a condition precedent to his right to
recover by the second and third articles of the award, on which
he predicates his suit."

In respect to the defendant's first and second requests, the court
held that as abstract propositions they were correct; and correct as
applicable to this case, if the facts should be found as assumed in
said requests; but if the jury should find that, at the time said
Quimby suit was settled, the matter as between the parties was
not definitely adjusted, but was left open to be brought in and ad-
justed in the future and final settlement of their partnership mat-
ters, and if it was brought before the arbitrators under said sub-
mission, and they did not embrace it in the first section of said
award, but left it to be closed up under the provisions of the second
section, designing to make in that second section provision for the
final closing of that and other like matters, the plaintiff would be
entitled to recover for what he had paid, as his evidence tended to
show, upon the Quimby debt.

The only controversy before the jury, upon the evidence as to
the Kenyon debt, was whether it was a company debt, or the indi-
vidual debt of the plaintiff; and there was no claim that the set-
tlement of that suit was by any concert or co-operation between
these parties, though the defendant knew in what way the plain-
tiff had settled it on his part. The court held that if the jury

should find it was a company debt, and that it stood for final adjustment like the Quimby debt, and was dealt with by the parties and the arbitrators under the submission, and in the award, the same as the Quimby debt, the plaintiff would be entitled to recover what he had paid upon it. And the court instructed the jury accordingly, repeating and applying the instructions given as to the Quimby debt, so far as applicable to the Kenyon debt.

As to the third request, the court did not comply with it.

As to the fourth request, there was no claim that the judgment in the former suit covered and embraced any thing but the sum awarded in the first section of said award.

The court told the jury if the claims for which the plaintiff was seeking to recover in this suit were not embraced in the first section of the award, but were left by the arbitrators to be closed up under the provisions of the second section of the award, and they had not been paid by the plaintiff, only by the giving of said notes when said suit was brought, that former judgment would not be a bar to his recovery for the money paid by the plaintiff, on said notes, since the commencement of said former suit.

The court not regarding costs as within the province of the jury, did not instruct them at all on that part of said fourth request which related to the subject of costs.

The court did not comply with the fifth request.

In all other respects the charge was full and not excepted to.

To so much of the charge as is contrary to said requests, and to the neglect of the court to charge as requested, the defendant excepted. Verdict for the plaintiff for said two sums.

There was also a motion to dismiss, (1) because the suit was not within the jurisdiction of the magistrate before whom it was commenced and tried; (2) because the writ contained no *ad damnum*. The court overruled the motion. The plaintiff then asked leave to amend by inserting an *ad damnum*, which was granted; to all of which the defendant excepted.

"AWARD.—The undersigned, to whom were submitted all matters of difference between James Cowen, Jr. and Jonas G. Lamphere, late partners, engaged in the business of cattle brokers and traders in stock, poultry, etc., after having carefully considered all accounts and statements presented by the parties, do hereby award as follows, viz.: 1st. That at the date of this award there was due said Lamphere from said Cowen the sum of $808.49, which sum includes the settlement for the Townsend oxen, and Mr. Cowen is relieved from liability on account of the same as between the parties; also the $10 paid Mr. Cowdry is included in the above sum. 2d. Whatever debts against said firm shall

hereafter be collected of or paid by said Lamphere, he shall have claim against said Cowen for all amounts so paid, inasmuch as all of the company property has been disposed of and said Cowen has received the avails of the same. 3d. Whatever demands in favor of said firm shall be collected by said Lamphere, he shall account to said Cowen for the same."

*Norman Paul*, for the defendant.

*S. E. & S. M. Pingree*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The declaration in the original writ contained no *ad damnum*, and such was the condition of the copy of appeal when entered in this court. The declaration was in usual form in general assumpsit for money paid, alleging an indebtedness of the defendant to the plaintiff to the amount of $200. A writ and declaration, wanting in nothing but an *ad damnum*, is amendable in that particular, and the amendment was properly allowed.

The plaintiff seeks to recover the amount of the two notes which he and his son executed, one to Quimby and the other to Kenyon, which were given for one-half of the debt which the parties to this suit owed Quimby and Kenyon. To show that, as between the plaintiff and defendant, it was the duty of the defendant to pay these notes, the plaintiff introduced an award between himself and the defendant, dated December 5, 1865, by which it appears that the arbitrators, among other things, awarded that whatever debts against the firm (referring to the firm of plaintiff and defendant) should thereafter be collected of, or paid by, said Lamphere, he should have a claim against said Cowen for. The notes in question were dated in December, a few days after the date of the award, but before its publication.

It is objected on the part of the defense that this claim can not be collected in the action of general assumpsit. Where a case has been tried upon the merits in this general form of action, the supreme court will not entertain an objection of this character, where it is apparent that the judgment, if affirmed, will be a protection to the party in reference to the matter actually litigated,

unless the objection is raised in the county court. The party can not go on without objection and take his chance of a trial upon the merits, and afterwards object that the action should have been special. The general objection to the admission of the award, and exception to the ruling of the court admitting it, is not sufficient to raise this question. It does not apprise the court or the opposing counsel that the objection is to the general character of the declaration. Nor does the request of the defendant to charge the jury that the plaintiff can not recover in his action of general assumpsit without first having given notice that he had a claim for money paid, and demanding payment. This only raises the question of the necessity of proof of notice and demand before suit. It does not amount to an objection that the declaration should have been special instead of general. It is for the furtherance of justice to require technical objections of this character to be raised in the county court, where they may be obviated by amendment before the expense of trial, as often they may be. This question, not being raised in the county court, is one upon which we express no opinion.

The question as to the necessity of notice is presented, upon which some good reasons have been urged on both sides. It is a general rule in assumpsit that when the event on which the defendant's duty arises, and the plaintiff's right accrues, is peculiarly within the knowledge of the plaintiff, the defendant is entitled to notice of the event before suit. This rule implies that the defendant without fault or neglect on his part is ignorant of the happening of the event; and without other means, than from the plaintiff, of readily informing himself. The decisions on this subject show that this rule does not embrace all cases where from the nature of the event the plaintiff necessarily must have knowledge of it, and the defendant not likely to know when it happens; nor does the mere fact that the plaintiff has better means of learning of the event than the defendant, necessarily bring a case within the rule. This rule must be construed in connection with another rule; that "no one is bound by the law to give notice to another, of that of which that other person may otherwise inform himself." 16 Vin. Ab., Tit. Notice, 5. Both are general

rules and the difficulty is in the application of them. Where the duty accrues upon the *private* act of the *plaintiff*, there ought to be notice in assumpsit; but not where the defendant may easily inform himself otherwise. As in *Smith* v. *Goff*, 2 Salk., 457, where H. was indebted to the plaintiff in thirty pounds by bond, and the defendant promised the plaintiff if he would give up the bond to H. he (the defendant) would pay the thirty pounds to the plaintiff; the plaintiff gave up the bond to H.; held, " There needs no notice, because the defendant knew whom to resort to ; and the difference is, where a person is named, and where not." So in this case, the defendant might have resorted to Quimby and Kenyon, whom he knew held the notes against the plaintiff, and learned of the payment. In *Vyze* v. *Wakefield*, 6 Mees. & Wels., 442, where this subject was much discussed, Lord ABINGER, C. B., sums up the matter thus : " The rule to be collected from the cases seems to be this, that when a party stipulates to do a certain thing in a certain specific event which may become known to him, or with which he can make himself acquainted, he is not entitled to notice unless he stipulates for it, but when it is to do a thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given him." I understand the last branch of the proposition of Lord ABINGER to mean, " when it is to do a thing, ' *in an event*,' which lies within the peculiar knowledge," etc. This seems to be a sensible and satisfactory interpretation of the cases on this subject. The question is, within which branch of this proposition the case at bar falls. The defendant knew of the existence of these debts, and the amount, and to whom due. He knew that by the award, as between him and the plaintiff, it was his (the defendant's) duty to pay them. Knowing the particular persons to whom the debts were due, he had the means of readily learning by inquiry of them whether the debts had been paid ; and before the plaintiff paid, he might at any time have made the payment to Quimby and Kenyon, to whom the debts were due. We think, in view of the whole matter, the case falls within that branch of the rule which dispenses with notice when the defendant has other means at hand of acquiring the information from a definite known source.

Lamphere v. Cowen.

It is claimed by the defendant's counsel that as these company debts to Quimby and Kenyon were settled in the manner they were, after the submission and before the award was published, they must be regarded as settled so that they cannot be considered as included in the debts the defendant was by the award to pay. Under the charge of the court the defendant has had the full benefit of this proposition, upon the supposition that the jury might find that the settlement with Quimby and Kenyon was intended as a settlement of these demands as between these parties. But the jury have found upon the evidence the contrary. They have found that these debts were before the arbitrators, and included in the demands the defendant was awarded to pay; and that the arrangement of these debts with the creditors, as stated, was not intended by these parties to change their duties and obligations as between themselves in respect to them. This finding of the jury is decisive of this point against the defendant.

It appears that in the award there was a provision by which the defendant was awarded to pay a certain sum of money. The plaintiff has brought an action upon that part of the award and recovered judgement for that specific sum so awarded. The defendant insists that the giving of the notes by the plaintiff to Quimby and Kenyon, in full discharge of the plaintiff on these company debts, was a payment; and as this was done before the former action was commenced on the award, that recovery is a bar to this action. The claim is that the plaintiff was bound at his peril to include in that action this demand. But it is not like bringing an action and recovering a part of an entire demand, and afterwards seeking to recover the residue in a second suit. The award was divisible. The provision for the absolute payment of the specific sum of money was distinct from that now in question relating to the payment of the outstanding company debts. The plaintiff was not bound to treat the execution of the notes to Quimby and Kenyon as a payment, and to sue for it in the former action, which was upon a separate and distinct part of the award. We find no error in the ruling of the county court.

The judgment of the county court is affirmed.