A. N. LOCKLIN, Respondent, *v.* D. A. MOORE, Appellant.

The rule that where a specific sum of money is, by the agreement of the parties, made payable at a specified time and place, as against the original debtor, no demand at the time or place before the commencement of an action is necessary, is not confined to bills, notes and bonds, but includes all agreements for the payment of money.

The only benefit the debtor derives from these specifications in the agreement is that if ready to pay at the time and place, and if he has kept ready, by paying the money into court and setting these facts up in his answer, he shields himself from liability for interest and costs.

(Argued January 14, 1874 ; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover the purchase-price of a quantity of goods alleged to have been sold by the plaintiff to the defendant in the year 1868.

The answer, among other things, set up that a portion of the goods were left with the defendant to be sold upon commission and that they had not all been sold; and that, as to so much of the goods as he purchased, it was expressly agreed that they should be paid for at his store ; that he had always been ready and willing to pay for them at his store, but that the plaintiff had never demanded payment there.

The referee found that the defendant purchased goods to the amount of $55.58, and that it was the agreement that he should pay for them at his store in De Kalb, St. Lawrence

county, on the 1st day of January, 1869; that he sold goods upon commission to the amount of $8.30; that plaintiff did not make any demand of payment at defendant's store prior to the commencement of the action; that the defendant, on the 1st day of January, 1869, had sufficient money at his store to pay the sum due plaintiff, but did not have any specific sum set apart for that purpose, and did not, with his answer, pay the money into court. He found, as conclusions of law, that a demand at defendant's store by plaintiff before the commencement of the action was unnecessary, and that the commencement of the suit was a sufficient demand; that defendant's readiness to pay at the time and place agreed upon was a defence only as to interest and costs; and that to avail himself of such defence he should not only have set it up in his answer, but have brought his money into court at the time of answering, and should have averred that fact; and he ordered judgment for plaintiff for $63.88 and interest. Judgment was entered accordingly.

*B. H. Vary* for the appellant. The debt was not due until plaintiff had complied with his part of the contract and called for the payment at defendant's store. (*Hollester* v. *Bender,* 1 Hill, 150; *Nelson* v. *Bostwick,* 5 id., 37, 39–42.) The trial having been upon the agreement defendant is entitled to judgment, though he did not bring the money into court at the time of answering. (*Sheriden* v. *Smith,* 2 Hill, 538; *Roosevelt* v. *N. Y. and H. R. R. Co.,* 45 Barb., 554; *Simpson* v. *French,* 25 How., 464.)

*A. L. D. Baker* for the respondent. The law applicable to bills of exchange, drafts and notes payable on demand, applies to this case. (36 How., 26; 3 Wend., 21.) It was not necessary for plaintiff to make a demand at the time and place agreed upon. (18 J. R., 248; 8 Cow., 271; 3 Wend., 13; 6 Barb., 652; 1 Hill, 16; 38 How., 26.) Tender of payment was not sufficiently made or pleaded. (19 Wend., 304; 3 J. Cas., 1, 5; 2 J. R., 342; 17 Wend., 91; 36 How.,

28; 26 Wend., 441; 23 id., 345; 45 Barb., 584.) The answer does not present a case where a tender is properly pleaded. (2 Hill, 538; 45 Barb., 554; 25 How., 464.)

EARL, C. The defendant bought the goods to be paid for at his store on the 1st day of January, 1869, and payment not having been made, the plaintiff commenced this action without a prior demand of payment, and the sole question is, whether such demand was a condition precedent to the maintenance of this action. It is the settled law of this State, announced in many decisions, that when a specific sum of money is made payable by the agreement of the parties, upon demand, or at a specified time at a particular place, as against the original debtor, no demand at the time or place, prior to the commencement of the suit, is necessary. The commencement of the suit is itself a sufficient demand. ( *Wolcott* v. *Van Santvoord*, 17 J. R., 248; *Caldwell* v. *Cassidy*, 8 Cowen, 271; *Haxtun* v. *Bishop*, 3 Wend., 15; *Nelson* v. *Bostwick*, 5 Hill, 37; *Hills* v. *Place*, 48 N. Y., 520; *Watkins* v. *Crouch*, 5 Leigh, 522.) Most of the decisions upon this question are based upon bills of exchange, promissory notes, and bonds for the payment of money; but they do not proceed upon any ground peculiar to such instruments; and the reasons assigned are equally applicable to all agreements to pay money at a particular place or upon demand.

The argument that in such cases the demand and place of payment are part of the contract, has frequently been made, and, in this State, uniformly overruled. A contract could, doubtless, be so drawn that the demand and place of payment would become part of it, so that an action could not be maintained without a demand at the place. But, here, the agreement, as found by the referee, is an ordinary one to pay at a particular time and place, and, certainly, can have no other effect than an acceptance of a draft payable at a particular place, or the agreement in a promissory note or bond to pay at a particular place. The only benefit the defendant could get from the specification of payment at a particular

place is, that if he was ready there to pay, and kept ready, he could set that fact up in his answer and then pay the money into court and allege such payment in his answer, and, thus, shield himself·from all liability for interest and costs. Such payment the defendant did not make or allege in his answer. Hence, the referee decided correctly, that his readiness to pay and payment to the referee upon the trial furnished him no defence.

The defendant also claims that the referee erred in allowing plaintiff the sum of $8.30, proceeds of goods sold upon commission. No specific objection was taken upon the trial, or to the report of the referee to the allowance of this item, and, hence, such an objection cannot be considered here.

The judgment should therefore be affirmed with costs.

All concur.

Judgment affirmed.