W. E. & J. W. DREW *v.* E. C. GOODHUE.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Contract—Construction by parties—Performance—Notice of completion.*

When a contract is to do a large amount of work which by the ordinary process would naturally leave overlooked some residuum of slight consequence and for securing which great and disproportionate expense would be required, the question whether the contract has been performed within its fair intent and meaning, though not

fulfilled to the letter, is, within reasonable legal limits, one of fact.

A finding that a contract requiring one to haul 8,345 cords of pulp wood which is so far completed that there remains undelivered 7½ cords (afterwards delivered at an expense of nearly five times the contract price), is performed within the meaning of this rule, will be sustained.

The fact that plaintiffs, after suit brought, delivered this small quantity so remaining, is not regarded as a construction of the contract by them, but the question is treated as if such after-gathering had not occurred.

One bound to pay for certain work upon its completion who has about the same means of knowledge thereof as the party doing the work, is not entitled to notice of such completion unless the contract stipulates therefor; and an agreement made after the execution of the contract, but not intended to affect the rights of the parties thereunder, that they should examine the premises to see if the contract was fulfilled, does not amount to a stipulation for notice.

ASSUMPSIT. Plea, the general issue. Heard on a referee's report at the October Term, 1901, Essex County, *Taft,* C. J., presiding. Judgment for the plaintiffs for the larger sum named in the report. The defendant excepted.

*George N. Dale* and *Daley & Goss* for the defendant.

The case is prematurely brought. The cases *Dyer* v. *Jones,* 8 Vt. 205, and *Kelley & Bragg* v. *Bradford,* 33 Vt. 35, relied upon by plaintiffs, only allow recovery in a proper case on a *quantum meruit.* These cases do not apply here, as the plaintiffs here have neither completed or abandoned the contract, and seek to recover under it.

The defendant was entitled to notice of the completion of the contract. *Lamphere* v. *Cowan,* 42 Vt. 175; *Hatch* v. *White,* 22 Pick. 518; *Quarles* v. *George,* 23 *Id.* 400; *County* v. *Londonderry,* 43 N. H. 451; *Watson* v. *Walker,* 23 *Id.* 491; *Fitts* v. *Hoyt,* 17 *Id.* 530.

The subsequent agreement requiring an examination of the premises makes the suit premature. *Company* v. *Com-*

*pany,* 44 Vt. 396; *Thorndike* v. *Association,* 146 Mass. 619; *Fox* v. *Walker,* 62 N. H. 419.

The "raking after" was a construction of the contract by the plaintiffs. *Kopper* v. *Fulton,* 71 Vt. 211.

*T. F. Johnson* for the plaintiffs.

The contract was substantially completed before suit. This is all the law requires. *Sinclair* v. *Talmadge,* 35 Barb. 602; *Phillip* v. *Gallant,* 62 N. Y. 257; *Company* v. *Company,* 162 *Id.* 486; *Woodard* v. *Fuller,* 80 *Id.* 312; *Nolan.* v. *Whitney,* 81 *Id.* 648; *Van Clief* v. *Van. Vechten.,* 130 *Id.* 579; *Woodruff* v. *Huff,* 91 U. S. 596; *Gilman.* v. *Hall,* 11 Vt. 570; *Hayward* v. *Leonard,* 7 Pick. 81; *Sister's etc.* v. *Smith,* 46 Atl. 598; *Feeney* v. *Bardsley,* 49 *Id.* 443; *Bozarth* v. *Dudley,* 44 N. J. 304; 3 Am. & Eng. Ency. Law 922.

What constitutes a substantial performance is a question of fact, and the referee has found this fact for the plaintiffs. *Glaucus* v. *Black,* 50 N. Y. 145; *Phillip* v. *Gallant,* 62 *Id.* 264; Broom's Leg. Max. 145.

STAFFORD, J. The plaintiffs were bound to haul for the defendants all the pulp wood that should be cut upon a designated tract, and were to be paid therefor eighty-five cents per cord, of which twenty-five cents per cord was to be kept back until the completion of the contract. The whole number of cords cut was 8,345. By the first of April, at the end of the sledding season, the plaintiffs considered their contract substantially completed, and it was literally completed except for scattering blocks that had been covered by the snow or had been otherwise overlooked. On the second of June they brought this action for the balance due under the contract, and within a few days thereafter went over the whole territory and gathered up the overlooked pieces, finding in all seven cords and a half, and delivered these also. They did it because they thought the contract required it and thought it wise to make a

literal completion. To do it cost them thirty-six dollars, or nearly five times the contract price. The quantity thus gleaned was less than one eleven-hundredth of the entire amount. The defendant would defeat the action on the ground that it was premature, urging that although the gleanings were meagre they cannot be called immaterial or unessential, and that the plaintiffs themselves construed the contract as requiring this raking after, and are bound by that construction.

But we are not inclined to give quite so much force to the action of the plaintiffs, taken perhaps in excess of caution, but rather to treat the question as it would have deserved to be treated if this after-gathering had not occurred. And if it had not occurred could the plaintiffs have been defeated of their recovery by showing that upon this whole territory one stick in eleven hundred had been lost or left behind?

It must be observed that the plaintiffs could not recover as upon a *quantum meruit;* for if we should hold that what they did after bringing the action was an indispensable part of the performance, then, as there had been no abandonment, we could only say that the action was brought too soon.

In New York, and perhaps in many of the states, one who has in good faith performed his contract substantially, although he has not done all he should have done within its fair intent and meaning, may recover, not upon a *quantum meruit,* as it is said, but upon the contract itself, the contract price, suffering a deduction of such damages as his failure has occasioned. *Woodward* v. *Fuller,* 80 N. Y. 312. To be a substantial performance under those cases, it is only necessary that the defects should not run through the whole, nor be so essential as to defeat the object of the parties, to have a specified amount of work done in a particular way. *Phillip* v. *Gallant,* 62 N. Y. 264. We do not treat the present as a case of sub-

stantial performance in this sense, merely; but hold that the contract, in view of the subject matter to which it was to be applied, had been performed, within its fair intent and meaning, before the action was brought. The parties could not have expected nor intended that every single stick should be delivered; and we think the quantity undelivered for the reason and in the circumstances stated, was no greater than they would naturally have expected to be overlooked or dropped and left ungathered. It is much as though a farmer, who had engaged to harvest all the hay upon a large farm, should be met with the claim that he could not recover the stipulated price because by raking all the fields over again, at an enormously disproportionate expense, a few fork-fuls or even a small load might be obtained. It is not that the law does not concern itself with trifles, for in the case supposed and in the case at bar the quantity is not in itself trifling; but that the contract has been fully performed, judged by any fair and sensible construction. When the contract is to do a large piece of work, like the one in question, in the doing of which by the common and ordinary process some residuum or fragments would naturally be neglected or overlooked, of slight consequence in themselves and for the securing of which great and disproportionate expense would be required, we think it becomes a question of fact, within reasonable legal limits, whether the contract has been performed to its fair meaning and intent, notwithstanding it has not been fulfilled to the letter.

So far as it was a question of fact, we understand and treat the report as finding that this contract had been performed in the sense we have indicated, and we discover no legal obstacle to the finding.

The judgment below was erroneous, however, to a slight extent, in that it included, probably by oversight, pay for haul-

ing the seven and a half cords; and the amount should be re-
duced by $6.37.

The defendant also insists that he was entitled to notice
that the contract was completed.    The rule is that "when a
party stipulates to do a certain thing in a certain specific event,
which may become known to him or with which he can make
himself acquainted, he is not entitled to notice unless he stipu-
lates for it; but when it is to do a thing in an event which lies
within the peculiar knowledge of the other party, then notice
ought to be given him."    Lord Abinger's rule, adopted in
*Lamphere* v. *Cowen*, 42 Vt. 175.    See also, *Hill* v. *Hovey*, 26
Vt. 109.    Here the defendant was engaged in lumbering oper-
ations close by the tract in question and appears to have had
about the same means of knowledge that the plaintiffs had.

He urges, however, that he did stipulate for notice; and
points to the finding that in the fall before, when his agent and
the plaintiffs were examining the tract and estimating the
progress of the work, it had been arranged between them that
when the plaintiffs considered their work done they should no-
tify the agent, and that then they should go over the land to-
gether to see if the contract had been fulfilled.    But the referee
also finds that this arrangement had no effect upon the written
contract between the parties, and that their respective rights and
obligations when the suit was brought were such only as are
deducible from the writing; by which we understand him to
mean that the arrangement was not intended by the parties to
work any change in their contract; and support for the finding
is to be found in the fact that, although the parties afterwards
drew up a supplemental contract, this arrangement was not in-
cluded therein.

*Judgment reversed, and judgment for the plaintiffs to re-
cover $2410.73 with interest from June 2, 1900 and their costs.*