## TOYE v. UNITED DRESSED BEEF CO.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. MASTER AND SERVANT (§ 105*)—SAFE APPLIANCES—DUTY OF MASTER.

Where a certain kind of machine was manufactured and shipped to purchasers without any covering over the crosshead, which was the usual condition in which the machine was used, an owner could not be held liable for injuries to an employé caused by the absence of the cover, the rule being that a master is not bound to furnish the best known appliances, but only such as are reasonably safe, and that when he purchases a machine from a reputable manufacturer, fully equipped with all the usual guards and appliances in use by others in the same line of business, he has a right to use the machine in connection with his business in the condition in which it is furnished him, without any imputation of negligence because it might have been made safer, if equipped in some other way.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 185–191; Dec. Dig. § 105.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. MASTER AND SERVANT (§ 217*)—MACHINERY—ASSUMPTION OF RISK.**

Where an employé, who had been working about a machine for over a year, knew that the crosshead was uncovered and also at the time of his injury knew that it was in motion, he assumed the risk of danger in climbing upon the machine to oil the governor, instead of waiting until he could get a ladder, as was his custom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

**3. MASTER AND SERVANT (§ 221*)—MACHINE—ASSUMPTION OF RISK.**

The promise of the engineer of a machine to have the crosshead covered, so that an employé could oil the governor without danger, relieved the employé from assuming the risk of such danger for a reasonable time, but could not do so for a period of nine months.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 638–647; Dec. Dig. § 221.*]

Ingraham, P. J., dissenting in part.

Appeal from Trial Term, New York County.

Action for injuries by James Toye against the United Dressed Beef Company of New York. Judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Frank V. Johnson, for appellant.
Alfred Steckler, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries alleged to have been caused by defendant's negligence. Plaintiff had a verdict of $2,000, and from the judgment entered thereon and an order denying a motion for a new trial defendant appeals.

The defendant at the time in question maintained a plant in the city of New York in which was a refrigerating machine. The plant was a large one, and there were three sets of employés, each working eight hours a day. The plaintiff was, at the time of the injury and for over a year prior thereto had been, one of the employés, and his duty consisted in oiling the machine several times each day. Portions of the machine could not be oiled by a person standing on the floor, but were ordinarily reached by means of a stepladder. The accident occurred about 1 o'clock in the afternoon, plaintiff having oiled the machine at least once before on the same day. Not finding the stepladder in the engine room, the plaintiff undertook to climb upon the framework of the machine in order to oil the parts which could not be reached from the floor, and for this purpose he stepped upon a small box, then stepped upon top of the machine, and in doing so slipped and his right foot was caught and injured by the crosshead of the machine which was in motion.

Several allegations of negligence were charged in the complaint, but at the conclusion of the trial the only one submitted to the jury was whether the defendant in the exercise of reasonable care should have guarded the crosshead, the court charging the jury "that no liability can be predicated upon the fact that the ladder supplied by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·defendant was not at hand when needed by the plaintiff on the occasion of this accident," and "that the defendant was not obliged to watch this ladder to see that it was at hand at all times, .and, if it was temporarily removed by a fellow workman, defendant is not responsible for such an accident." The finding of the jury that the defendant was negligent in this respect is clearly against the weight ·of evidence. The only testimony tending to show that the crosshead ·on a similar machine was inclosed or covered was that of one witness, who simply testified that he had worked about six weeks in the fall ·of 1906 in a brewery in the city of New York where they had a larger machine, but of the same make, and that the crosshead upon that machine was covered. While employed in the brewery he was not an oiler in the engine room, but was occasionally in it. He was ·contradicted by at least three witnesses, two of whom were employed ·in the engine room in the brewery and had charge of the machinery therein, both of whom testified that at no time was there any covering over the crosshead, and the other witness, Hedley, who testified ·that for 15 years he had been an inspector of the De La Vergne Machine Company, manufacturers of the machine in question, and that ·the crosshead on the machine in the brewery referred to was not covered. This witness also testified, and his testimony is uncontradicted, that there were about a thousand of such machines made and sold in the United States; that the same design had been used for ·the last 30 years; that they were at the present time being manufactured and sold and never at any time had the crossheads been ·covered; and that it was not practicable, and two other witnesses testified to the same effect, taking into consideration the use and the inspection which had to be made of the crosshead to cover it. How, ·under such circumstances, can it be said that the defendant failed to ·perform the duty which it owed the plaintiff by not protecting the ·crosshead in some way? The learned trial court apparently appreciated the situation by instructing the jury that a master is not bound to furnish the best known appliances, but only such as are reasonably fit and safe, and "when an employer purchases an engine ·or machine at a reputable manufacturer's, fully equipped with all the usual guards and appliances in customary use by men in the same line of business, he has a right to use this machine in the condition in which such machine is furnished to him, in connection with .his ·business, without any imputation of negligence because it might have been made safer if made and equipped some other way." The rule as thus stated became the law of the case and must be applied to the facts proved. Wangler v. Swift, 90 N. Y. 38; Marks v. Rochester Ry. Co., 146 N. Y.. 181, 40 N. E. 782. When so applied, there being no other claim of negligence, the complaint should have been dismissed. Sweeney v. Berlin & Jones Envelope Co., 101 N. Y. 520, 5 N. E. 358, 54 Am. Rep. 722; Burke v. Witherbee, 98 N. Y. .562; Harley v. Buffalo Car Mfg. Co., 142 N. Y. 31, 36 N. E. 813.

Again, the risk incident to the uncovered crosshead was obvious .and apparent to the plaintiff. He had been engaged in working about ·the machine for over a year before his injury. It was perfectly clear

to him that, if his foot came in contact with the moving crosshead, he would be injured. He knew that it was in motion. He testified:

"I saw that when I started to go and oil the governor. I knew it was in motion. * * * I knew if my foot got in there, there would be an accident. I knew if I got my foot in there, it would be injured."

It was a risk incident to the work which was assumed by the plaintiff. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367; Dillon v. Nat. Coal Tar Co., 181 N. Y. 215, 73 N. E. 978; Dixon v. N. Y., O. & W. Ry. Co., 198 N. Y. 58, 91 N. E. 271. The plaintiff not only knew there was some danger in oiling the machine while it was in motion, but fully appreciated it, because according to his own testimony some nine months before he was injured he told the chief engineer that the crosshead ought to be guarded, and he said "that he would attend to it." The promise of the chief engineer to remedy the defect complained of might relieve the plaintiff from assuming the risk for a reasonable time, but could not do so for a period of nine months. Rice v. Eureka Paper Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585; Stokes v. Barber Asphalt Paving Co., 134 App. Div. 363, 119 N. Y. Supp. 37.

Upon both grounds, therefore, it seems to me the judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, SCOTT, and DOWLING, JJ., concur. INGRAHAM, P. J., concurs on the first ground.