MARION B. THORWARTH *v.* A. B. BLANCHARD.

October Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 15, 1912.

*Pleading—Declaration—Traversable  Matter—Inducement—Certainty—Surplusage—Vendor  and  Purchaser—Demurrer—Construction of Declaration.*

Only traversable facts need be laid with time and place, and matter of inducement is not traversable, unless essential to make out a case.

In assumpsit for breach of a contract to pay a designated assessment on property, a former assessment that it is alleged defendant promised to pay, if confirmed, but which was vacated, is matter of inducement not required to be laid with time and place.

In a declaration in assumpsit for breach of a contract to pay a designated assessment on property, the allegation that the assessment was made in a proceeding for the condemnation of land, and for assessments for designated benefits to land, is matter of inducement and sufficiently avers the nature of the proceeding.

A declaration in assumpsit for breach of a contract to pay a designated assessment on land purchased by defendant, which alleges that as part of the contract of purchase defendant agreed to pay any assessment that the court should sustain in a then pending proceeding, and that it sustained the designated assessment, alleges a sufficient promise.

The objection specified in a demurrer to a declaration that a designated allegation is not certain, but is indefinite and uncertain and insufficient, is too general for consideration.

In a declaration in assumpsit for breach of a contract to pay an
assessment on land, growing out of designated proceedings for con-
demnation and assessment for benefits, "provided that it was sus-
tained by the court," the quoted clause, when read in connection
with the words preceding, is not objectionable for uncertainty.

In a declaration in assumpsit for breach of a contract to pay, "pro-
vided that it was sustained by the court," an assessment on land
growing out of a designated proceeding, the allegation that the
assessment, after being sustained by the court, was entered on
the tax records, and thereby became a lien on the land, is wholly
*dehors* the contract as alleged, and hence superfluous, and may be
rejected as immaterial, since it does not show that plaintiff has no
cause of action.

On demurrer to a declaration in assumpsit for breach of a contract
to pay, "provided that it was sustained by the court," an assess-
ment on land growing out of a designated proceeding, the allega-
tion that the assessment was sustained by the court on May 6, 1907,
and became payable to the taxing district "on or about" July 6,
1907, is construed as alleging that the time when plaintiff should
pay was, not when the assessment was sustained by the court,
but when it became payable, and so the allegation as to that time
was traversable and should be stated with certainty.

In such action it was not necessary to allege that defendant had
notice that the assessment had been sustained by the court, since
he could find that out as well as plaintiff.

Special Assumpsit. Heard on demurrer to the declaration
at the March Term, 1912, Washington County, *Waterman*, J.,
presiding. Demurrer sustained, and declaration adjudged in-
sufficient. The plaintiff excepted.

The declaration alleges that at the time of said bargain and
sale there was pending in the supreme court of said District
a proceeding under the laws of Congress for the condemnation
of land and for assessments against land for the extension of
Eleventh Street N. W. in said city, and that said court had
jurisdiction thereof; that before and at said time said piece of
land had been assessed in said proceeding for benefits, the sum
of $812, payable to said District, and that the validity of said
assessment was the subject of litigation in said proceeding; that
as a part consideration for said purchase at and for the price

of $6,000, the defendant then and there agreed to pay the amount of said assessment or any other assessment growing out of the same matter or the same suit, provided said assessment or assessments were sustained by said court; that in consideration of said agreement by the defendant to pay as aforesaid, the plaintiff purchased said land of the defendant and took a deed thereof from him at the time aforesaid. The declaration further alleges that said assessment was on the 4th of March, 1904, vacated by said court in said proceeding, and that on the 6th day of June, 1906, another assessment of $650 for benefits in the extension of said street was made and levied by the court in said proceeding, and that the defendant then and there, again confirming his previous agreement, agreed to pay the same provided it was sustained by the court; and that afterwards, to wit, on the 6th day of May, 1907, it was sustained by the court, and thereafter entered on the tax records of said District, thereby making the same a lien on said land for the amount thereof with interest and penalties, the same being payable to said District "on or about" July 6, 1907; and that at divers times the plaintiff notified the defendant that said assessment had been sustained and was a valid lien upon said lot, and requested him to pay the same with interest and penalties, which he neglects and refuses to do, and that the same is still a charge and lien upon said land.

*H. C. Shurtlett* for the plaintiff.

*Thomas J. Deavitt* and *E. M. Harvey* for the defendant.

ROWELL, C. J.   The declaration is demurred to for want of certainty and sufficiency in divers respects specifically stated.

It is objected that there is no sufficient allegation of when and where said first-mentioned assessment was due and payable. But it is only traversable facts that need to be laid with time and place, and matter of inducement is not traversable unless essential to make out the case. Steph. Pl. 243. Here the allegation objected to is mere matter of inducement, as said assessment never became due and payable, but was vacated and set aside by the court, and so it is not involved in the special charge against the defendant, which is the nonpayment of the subsequent assessment, which was sustained by the court.

It is further objected that there is no sufficient allegation as to the nature of the proceeding pending in said court, nor by whom the assessment was made. But the proceeding is alleged to have been for the condemnation of land and for assessments for benefits to land for the extension of a certain street in said District, and that is a sufficient allegation of its nature. As to who made the assessment, its making being matter of inducement not essential to make out the case, it is enough to allege that it was made, without saying by whom. Thus, speaking of matter of inducement, Mr. Chitty says that in declaring upon a promise to pay money in consideration of the forbearance of an antecedent debt, it is not necessary to state the particular cause or subject-matter of the debt, nor the time when nor the place where it was contracted. 1 Chit. Pl. 291.

It is further objected that there is no sufficient allegation of the "other assessment growing out of the same matter or suit," nor what the same was, nor by whom made, and that the same is not alleged with sufficient certainty. The argument in support of this objection is, that here the allegation changes form, and the "proceedings" becomes a "matter" or "suit," but that the allegation of "some matter" may or may not be coextensive with the "proceeding," and that the language of the pleader is too uncertain and general to define a legal liability. But we think that the language of the allegation can fairly be taken only in a natural sense, and that thus taken, it has the requisite degree of certainty.

As to the objection that there is no sufficient allegation of what court should sustain the assessment, and that the court is not alleged with sufficient certainty, it is plain that the supreme court of the District is meant.

Nor is the objection good that there is no allegation sufficiently describing the "proceeding" in which assessment was or should be made, for it is clear that the proceeding then pending in the supreme court is the one meant. The declaration clearly discloses one proceeding and two assessments therein.

It is objected that there is no sufficient allegation of the assessment made June 6, 1906, for that it is not alleged for what purpose it was made and by whom. But this objection is groundless, for the declaration expressly alleges that said assessment

was by said court in said proceeding for benefits to plaintiff's land by the extension of said street.

As to no sufficient promise being alleged to pay said assessment, the declaration alleges in effect that as part of the contract of purchase the defendant agreed to pay any assessment growing out of said suit that the court should sustain, and that it sustained said assessment. This alleges a sufficient promise.

The objection that the allegation of the proceeding is not certain, but is indefinite, uncertain, and insufficient, without saying wherein, is too general for consideration.

The objection that the allegation, "provided it was sustained by the court," is uncertain, indefinite, and not alleged with certainty, is without merit, for when read in connection with the words preceding them, their meaning is perfectly clear.

The allegation that said assessment was entered on the tax records of the District, and thereby became a lien on the land, is wholly *dehors* the promise as alleged, and therefore is superfluous and may be rejected as immaterial, since it does not show that the plaintiff has no cause of action.

As to the objection that the allegation that the assessment was payable "on or about" July 6, 1907, is not sufficient as to time and uncertain in that respect, the plaintiff says that the allegation is surplusage, for that according to the declaration the defendant agreed to pay the assessment provided it was sustained by the court, regardless of when its payment became a legal obligation upon the owner of the land, and so a good cause of action would be stated if this time was omitted altogether, for then it would sufficiently appear that the cause of action accrued before suit brought, as the declaration shows that the assessment was sustained May 6, 1907. But as the declaration does not allege that the defendant promised to pay *when* the assessment was sustained, but only provided it *was* sustained, and then goes on to allege that it was payable to the District "on or about" July 6, 1907, which was two months after it was sustained, it is not clear according to reasonable intendment and construction whether the pleader intended to state the time of payment by the defendant as being when the assessment was sustained or when it in fact became payable to the District. But the latter seems to be the time intended, for otherwise it is not seen why he should have alleged it at all. There being this obscurity, the

latter is taken to be the time intended, and the allegation being traversable, its time should have been stated with certainty and not uncertainty.

But it was not necessary to allege that the defendant had notice that the assessment was sustained, for he could find that out as well as the plaintiff. *Lamphere* v. *Cowen,* 42 Vt. 175; *Drew* v. *Goodhue,* 74 Vt. 436, 52 Atl. 971.

It is further objected that no cause of action is shown nor damage sustained. But it is manifest that a cause of action is shown and nominal damages at least.

*Affirmed and remanded.*