JOHN J. DEVITT, Respondent, *v.* PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant.

1. MARINE INSURANCE — CONSTRUCTIVE TOTAL LOSS. Under a policy of marine insurance, providing, *first,* "The said loss or damage to be estimated according to the true and actual cash value of the said property at the place of destination on the day of the disaster; * * * but fruit and vegetables, and other articles perishable in their own nature, are free of particular average," and, *second,* "It is understood that there can be no abandonment of the subject insured; nor shall the acts of the insurers or their agents in recovering, saving or disposing of the property hereby insured, be considered a waiver or an acceptance of abandonment, nor as affirming or denying any liability under this policy; but such acts shall be considered as done for the benefit of all concerned, without prejudice to the rights of either party," where the property insured, consisting of a cargo of fruit and vegetables, was shipped in a canal boat which was sunk and part of the cargo was recovered in a damaged condition, shipped to the insured and sold by him, the amount realized being but slightly in excess of the handling and selling charges and was less than the sum expended by the insurer in raising and shipping the cargo, not including therein the expenses of the sale, the latter is liable for a constructive loss on the whole of the articles insured.

2. WHEN ABANDONMENT NOT NECESSARY TO CONSTITUTE A CONSTRUCTIVE LOSS. The fact that the policy provides that "there can be no abandonment of the subject insured" does not prevent a constructive total loss,

2

since that provision is found in connection with the further provision, "nor shall the acts of the insurers or their agents in recovering, saving or disposing of the property hereby insured be considered a waiver or an acceptance of abandonment," the effect of which is to prevent the action of the insurer in taking possession of the property and interfering to save it from being held as the acceptance of an abandonment.

*Devitt* v. *Providence Washington Ins. Co.*, 61 App. Div. 390, affirmed.

(Argued October 17, 1902; decided December 9, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 8, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*La Roy S. Gove* and *James J. Macklin* for appellant. The plaintiff's suit is obviously and plainly a claim for damages for injury to his cargo. (2 Pars. on Mar. Ins. 378; *Wadsworth* v. *P. Ins. Co.*, 4 Wend. 35; *Ins. Co.* v. *Bland*, 9 Dana, 147; *Burt* v. *B. & M. Ins. Co.*, 9 Hun, 383; *Brooke* v. *Ins. Co.*, 5 Mart. [N. S.] 546.) Policies of insurance in general use except from all loss that is not total certain articles, such as fruit and vegetables, which are especially liable to damage. (*Woodside* v. *C. Ins. Office*, 84 Fed. Rep. 283; *Wadsworth* v. *P. Ins. Co.*, 4 Wend. 39.) Even if plaintiff's claim were not a claim for indemnity for partial loss and damage, but if it were a claim to recover for a constructive total loss, it would be utterly unwarranted in law. (*Skinner* v. *W. M. & F. Ins. Co.*, 19 La. 273; 2 Pars. on Mar. Law, 337; 2 Arnould on Ins. 911; *Adams* v. *McKenzie*, 32 L. J. [C. P.] 92; *Hubbell* v. *G. W. Ins. Co.*, 74 N. Y. 252; *Burt* v. *B. & M. Ins. Co.*, 9 Hun, 387; *Ins. Co. of N. A.* v. *C. S. R. Co.*, 87 Fed. Rep. 493; *M. S. S. Co.* v. *M. Ins. Co.*, 19 J. & S. 455; 2 Phill. on Ins. § 1867; *Brooks* v. *L. Ins. Co.*, 4 Mart. [N. S.] 640, 681; *Murray* v. *Hatch*, 6 Mass. 465; *G. W. Ins. Co.* v. *Fogarty*, 19 Wall. 640; *Neilson* v. *C. Ins.*

*Co.*, 3 Caines, 108 ; 2 Pars. on Mar. Law, 381 ; *Hugg* v. *Ins. Co.*, 7 How. 595.)

· *Ralph Earl·Prime, Jr.*, for respondent. The policy in suit should receive the strictest construction against the defendant, and effect given to clauses exempting it from liability only where the case most clearly falls within the exception. (*L. Assur. Co.* v. *Compahnia De Moagens de Barriere*, 167 U. S. 149 ; *Rolker* v. *G. W. Ins. Co.*, 4 Abb. Ct. App. Dec. '76 ; *Herman* v. *M. Ins. Co.*, 81 N. Y. 184, 186 ; *Allen* v. *St. L. Ins. Co.*, 85 N. Y. 473 ; *Kratzenstein* v. *W. Ins. Co.*, 116 N. Y. 54 ; *Rickerson* v. *H. Ins. Co.*, 149 N. Y. 303 ; Richards on Ins. 262, § 236 ; *Heebner* v. *E. Ins. Co.*, 10 Gray, 131 ; *Mayo* v. *I. M. Ins. Co.*, 152 Mass. 172 ; *Adams* v. *Mackenzie*, 13 C. B. [N. S.] 422.) The plaintiff's loss in the case at bar was a constructive total loss, and for such a loss he is entitled to recover under the policy in suit. (Richards on Ins. 114, § 107 ; *Ins. Co.* v. *C. S. R. Co.*, 87 Fed. Rep. 491 ; *Irving* v. *Manning*, 1 H. L. Cas. 304 ; *Rodaconolli* v. *Elliott*, 3 Asp. 399 ; *Aranzamendi* v. *L. Ins. Co.*, 2 La. 332 ; *Rosetto* v. *Gurney*, 11 C. B. 196 ; *Reynolds* v. *O. Ins. Co.*, 22 Pick. 191.) In the case at bar the question of abandonment does not enter, nor under the policy was it a necessary condition of plaintiff's right to recover as for a constructive total loss. (*Chadsey* v. *Guion*, 97 N. Y. 339 ; *Ins. Co.* v. *C. S. R. Co.*, 87 Fed. Rep. 491 ; *McCall* v. *Ins. Co.*, 66 N. Y. 505 ; *Schuyler* v. *Ins. Co.*, 134 N. Y. 345 ; *Rankin* v. *Potter*, L. R. [6 H. L.] 83 ; *Holbrook* v. *U. S.*, 21 Ct. of Claims [U. S.], 434 ; *Babbitt* v. *S. M. Ins. Co.*, 23 La. Ann. 314 ; *Fosdick* v. *N. Ins. Co.*, 3 Day [Conn.], 108 ; *Walker* v. *P. Ins. Co.*, 29 Misc. Rep. 317.) The facts of the case at bar authorize a recovery as for a constructive total loss. (*Wallerstein* v. *C. Ins. Co.*, 44 N. Y. 204 ; *De Peyster* v. *Ins. Co.*, 19 N. Y. 272 ; *Carr* v. *Ins. Co.*, 109 N. Y. 504 ; *Chadsey* v. *Guion*, 97 N. Y. 333 ; *Corbett* v. *S. G. Ins. Co.*, 155 N. Y. 389 ; *Bryan* v. *N. Y. Ins. Co.*, 25 Wend. 617 ; *Poole* v. *P. Ins. Co.*,

14 Conn. 47; *Todor* v. *N. E. Ins. Co.*, 12 Cush. 556; *Heebner* v. *E. Ins. Co.*, 10 Gray, 131; *Mayo* v. *I. M. Ins. Co.*, 152 Mass. 172; *Greene* v. *Ins. Co.*, 9 Allen, 217; *Snow* v. *Ins. Co.*, 119 Mass. 592.) Plaintiff's loss in the case at bar was a total loss within the meaning of the policy issued by defendant, independent of the general principles of marine insurance. (*Moss* v. *Smith*, 9 C. B. Rep. 94; *Marcardier* v. *Ins. Co.*, 8 Cranch, 39; *Aranzamendi* v. *Ins. Co.*, 2 La. 432; Phillips on Ins. [5th ed.] § 1769; *Chadsey* v. *Guion*, 14 J. & S. 118.)

CULLEN, J.    The action is brought on a policy of marine insurance effected on a cargo of apples, potatoes and other vegetables shipped on a canal boat. The boat was sunk by an obstruction in the Erie canal. Part of the cargo was recovered, though in a damaged condition, and reshipped to the plaintiff. This portion was sold. The amount realized on the sale was but slightly in excess of the handling and selling charges and was less than the sums expended by the defendant in raising and shipping the cargo, not including therein the expenses of the sale. The trial court found that there was a constructive total loss of the property insured. The judgment entered upon the decision in the trial court was unanimously affirmed by the Appellate Division. No exceptions were taken to the rulings of the court in the admission or rejection of evidence. In this state of the record the only question presented to us is whether, under the policy, the defendants were liable for constructive total loss.

The material clauses of the policy under which the controversy arises are, *first*, " The said loss or damage to be estimated according to the true and actual cash value of the said property at the place of destination on the day of the disaster; * * * *But fruit and vegetables, and other articles perishable in their own nature, are free of particular average,*" and *second*, " It is understood that there can be no abandonment of the subject insured; nor shall the acts of the insurers or their agents in recovering, saving or disposing of the prop-

erty hereby insured, be considered a waiver or an acceptance of abandonment, nor as affirming or denying any liability under this policy; but such acts shall be considered as done for the benefit of all concerned, without prejudice to the rights of either party." The first provision is generally found in marine policies, though in different forms, and is of quite remote origin. It is known both in the text books and in judicial opinions as the "memorandum." (2 Arnould on Marine Ins. § 993; 1 Parsons on Marine Ins. 627.) The reason which dictated this provision is said to be that there are many articles of a perishable nature with regard to which it is very difficult to discover how far their deterioration is owing to the perils of the sea against which the insurance is effected, and how far to their own inherent decay or decomposition. There is no dispute that free from particular average exempts the insurer from liability for partial damage or for anything less than a total loss. All the authorities agree in this. In marine insurance total losses are of two characters, actual and constructive. This seems to be the law in all commercial countries, though the rule differs in different countries as to what damage is sufficient to create a constructive total loss. In England the damage must be so great that when repaired the value of the restored ship or article is not worth the cost of repair. In this country the rule is that where the repairs will exceed fifty per cent or one-half of the value of the ship or articles insured when repaired or restored it is a constructive total loss. The issue between the parties is whether insurance against total loss is confined to *actual* total loss or whether it includes as well *constructive* total loss. In England, though at one time a contrary doctrine was asserted by Lord MANSFIELD (*Cocking* v. *Fraser*, 4 Douglas, 295), the law seems settled that such insurance indemnifies against constructive as well as against actual total loss, and the rule applies to memorandum articles as well as to other insured property. (Arnould on Marine Ins. sec. 902; *Adams* v. *McKenzie*, 32 L. J. C. P. 92.) In this country the authorities are conflicting, and possibly the weight of authority is the other way. Kent says

(3 Com. 295) that to 'charge the insurer the memorandum articles must be physically destroyed so as not to exist in specie. This was in accord with the decision made by him while in the Supreme Court of this state in *Maggrath* v. *Church* (1 Caine's Cases, 195), which was decided on the authority of *Cocking* v. *Fraser* (*supra*). This doctrine has been modified in the United States Supreme Court so that a total loss in value is deemed to render the insurer liable the same as a total physical loss (*Ins. Co.* v. *Fogarty*, 19 Wall. 640), but subject to that qualification seems to be strictly adhered to. The latest case on the subject in that court is *Washburn & Moen Mfg. Co.* v. *R. M. Ins. Co.* (179 U. S. 1) where most of the earlier cases are reviewed. It is, however, to be observed that in that case the rider was "Free of particular average, but liable for *absolute* total loss of a part if amounting to five (5) per cent." The court held that the memorandum and rider were to be construed together and so construed exempted the insurer from any liability except in case of absolute (*i. e.*, actual) total loss. Therefore, the question before us was not necessarily involved in the *Washburn* case, though it may be conceded that the discussion of the opinion covers it. On the other hand, in Massachusetts a contrary view of the subject has been taken by the courts. In *Kettell* v. *Alliance Ins. Co.* (10 Gray, 144) the policy contained a clause "partial loss on    *    *    *    tin plates is excepted." The tin plates were damaged more than half their value. This was held to be a constructive total loss which rendered the insurer liable. In *Mayo* v. *India Mutual Ins. Co.* (152 Mass. 172) the clause in the policy was "Free of partial loss." It was held that the insurer was liable for a constructive total loss, the property having been damaged more than fifty per cent in value.

The first inroad in this state on the doctrine of Chancellor KENT was made in *De Peyster* v. *Sun Mutual Ins. Co.* (19 N. Y. 272), where it was held that perishable articles included in a memorandum clause are to be deemed totally lost though existing in specie when they have been so injured by the perils as to be incapable of transportation to the port of destination.

The next was in *Wallerstein* v. *Columbian Insurance Co.* (44 N. Y. 212), where it was held that, after a vessel was exposed to the peril of a total loss and abandoned, the recovery, at great expense to the underwriter, of a small portion of the cargo, consisting of memorandum articles, did not convert into a partial loss what would have been otherwise a total loss.   In *Chadsey* v. *Guion* (97 N. Y. 333) the insurance was on a quantity of potatoes shipped in a canal boat, and the memorandum declared that vegetables and certain other articles " Are warranted by the assured free from average unless general."   The boat with its cargo arrived safely at its port of destination and a quantity of potatoes was delivered to the consignee in good order and sold by him.   Thereafter the boat with the remainder of the cargo was sunk.   This court held, through Ruger, Ch. J., that the contract exempted " The assured from the payment of any loss, whether total to that part or otherwise, occurring to a portion only of the cargo, and confined their liability to the absolute or constructive loss of the entire cargo," and that the preservation of the material part of the cargo in specie and in good order was an answer to the claim for total loss.   While it may be said that since the court decided the insurer was not liable for the loss the dictum quoted from the opinion was obiter, still we think it declares the proper interpretation to be given to the memorandum clause.   It is a cardinal rule in the interpretation of insurance policies that doubtful expressions should be construed most favorably to the insured. (*Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405 ; *London Assurance* v. *Companhia De Moagens*, 167 U. S. 149 ; May on Ins. sec. 175.)   The use of the term " total loss " in two different senses, one as referring to an actual total loss and the other to a constructive total loss, is a practice that has long obtained in commerce as well as in text books and judicial decisions.   Mr. Parsons says (Vol. 2, p. 68) : " Total loss of maritime property under insurance is either actual (or, as it is sometimes called, absolute) or constructive. * * *"   As an original proposition it is difficult to see why, under the rule of construction stated, the term when used

in an insurance policy should not include both kinds of loss, or why the same rule should not apply to the construction of the memorandum as to the other parts of the policy. Of course, if by long and uniform custom insurance against total loss had been accepted by persons interested in effecting or granting insurance as confined to actual total loss, that is the construction which should be given to the policy. But the acceptance of this construction has not been uniform. In England, where it was first declared by Lord MANSFIELD, it was very shortly thereafter repudiated by his successors, Lords KENYON and ELLENBOROUGH, and has never since obtained. In Massachusetts it has not been accepted, and even in those jurisdictions which profess to still follow the decision in *Cocking* v. *Fraser* (*supra*), it has been found necessary to relax the rigorous doctrine of Lord MANSFIELD. If the underwriters wish to limit their liability to actual total loss, it is very easy to say so instead of using terms of different signification in different jurisdictions. Much as we hesitate to place our view of the law even in apparent opposition to that of the Supreme Court of the United States, we feel constrained to adhere to the doctrine in *Chadsey* v. *Guion* (*supra*), that for a constructive loss on the whole of the articles insured the underwriter is liable.

It is contended by the learned counsel for the appellant that as the policy provides that there can be no abandonment of the subject insured, there can be no such thing as a constructive total loss. If the policy contained a provision standing by itself that "the insured shall not have the privilege of abandondment," his position might be correct. Ordinarily to constitute a constructive loss, it is necessary that there should be an abandonment. "A constructive total loss in insurance law, is that which entitles the assured to claim the whole amount of the insurance, on giving due notice of abandonment." (Arnould on Marine Ins. sec. 1091.) But in this policy the provision that there can be no abandonment of the subject insured, is found in connection with the further provision, "nor shall the acts of the insurers or their agents

in recovering, saving or disposing of the property hereby insured, be considered a waiver or an acceptance of abandonment." Construed with the text of the whole provision, we think that the only effect of this clause is to prevent the action of the underwriters in taking possession of the property and interfering to save it from being held as the acceptance of an abandonment.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and WERNER, JJ., concur.

Judgment affirmed.