(118 App. Div. 784)

### PRESTON v. ÆTNA INS. CO.

(Supreme Court, Appellate Division, First Department.   April 5, 1907.)

INSURANCE—FIRE POLICY—CAUSE OF LOSS—PLACE OF ORIGIN OF FIRE.

Where an accident to an automobile resulted in the leakage of gasoline from the tank, and fire was communicated to the gasoline, which had escaped from burning lamps affixed to the outside of the vehicle, the fire loss on the vehicle was not one "originating within the vehicle," within a clause of a fire policy exempting the insurer from liability for fire so originating.

Clarke, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Veryl Preston against the Ætna Insurance Company.   Appeal by plaintiff from a judgment in favor of defendant.   Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Graham Sumner, for appellant.
Ernest A. Cardozo, for respondent.

INGRAHAM, J.   The plaintiff was the owner of an automobile valued at $16,000, on which the defendant issued a policy of insurance by which the plaintiff was insured for one year from the 10th day of October, 1901, "against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding sixty-five hundred dollars," providing that "it is understood and agreed that this policy does not cover loss or damage caused by fire originating within the vehicle."   The referee found the issuing of the policy; that the plaintiff was the owner of the automobile; that on the night of July 26, 1902, this automobile, in charge of the plaintiff's chauffeur, while going from Pleasure Bay to Monmouth, N. J., ran off the road which it was traversing into a ditch at the side of the road; that after the accident the automobile lay partly in the ditch; that the automobile carried two kerosene lamps on either side of the dashboard, attached to projecting iron or steel brackets, a socket in the lamp fitting over the bracket, and the lamp being made fast by means of a bolt and nut, tightening a clamp, one lamp being about two inches above the water; that both

of these lamps were lighted at the time of the accident; that the automobile was driven by gasoline vapor, which was carried in a tank under the forward seat of the automobile; that after the accident the gasoline could be heard dripping on the water in the ditch, and the smell of gasoline vapor was distinguishable; that shortly after the accident a dull sound was heard and a column of smoke rose from the automobile, from which flames broke; that the chauffeur, who was left in charge of the automobile, was found on the ground across the ditch and beyond a barbed-wire fence on the further side, his clothes torn, his arm bare, and his arm and both hands burned, and the gasoline on the water about the automobile was found in flames.

One of the persons in the automobile at the time of the accident testified: That on the way back from Little Silver to Pleasure Bay, Raoul (the chauffeur) went off the road and into the ditch. The machine came to a standstill at an angle of about 40 degrees. That before he left the automobile he noticed that gasoline was escaping from the automobile. That he started for assistance, and when he came back the automobile was blazing. That the fire lasted a half or three-quarters of an hour. That from the time the witness left the automobile until his return was about 15 minutes. That when he returned the chauffeur was in a lot across the ditch. His hands were burned, but he was able to walk. Wilson, another of the persons in this automobile, testified: That there was a big searchlight that was not lit, and there were two other lights in the front that were lit. That after the automobile stopped, and was still in the ditch, one of the side lamps was burning. That the witness started to get some horses to pull the automobile out of the ditch. That he got about a couple of hundred feet from the automobile, when he heard something go off, and he looked back and the whole place was on fire. That no one struck a match near the machine that he saw. Stone, another person in the machine at the time, testified: That after the accident he went to get a team of horses. That he saw that the two oil lamps on the side of the dashboard were burning. That he also smelled gasoline. That the water was about $2\frac{1}{2}$ inches below the base of the lamp on the right-hand side, and that the lamp was burning. That when he left with Newhouse the chauffeur was fussing around the right-hand lamp, the one near the water. That the witness and Newhouse then walked away about 100 feet, when they heard a muffled sound, and turned and saw a black cloud, and then flames followed. The automobile was in flames. That when the witness came back to the automobile the lamps were out.

Assuming that this fire was communicated from the light in one of the lamps to the gasoline on the water, the only cause of the fire which is apparent, the question is whether the fire that was communicated from the lamps to the gasoline on the water was a fire "originating within the vehicle." I think it was not. The motive power of these vehicles is the gas generated by the combustion of gasoline vapor in a chamber inside the vehicle. The gasoline tank is under the front seat, and the machinery in front of the front seat. While it might be said that the lamps and other appliances on the outside of the vehicle and which are affixed to it would be a part of the vehicle, certainly

none of them are inside the vehicle, and not, therefore, within the vehicle. Using this highly inflammable substance, gasoline, exploded by electric sparks, exposed the machine to danger of the gasoline in the tank exploding and setting fire to the vehicle; and for such a fire the defendant was not to be liable, as such a fire would undoubtedly originate within the machine. But the lamp was not within the vehicle, but was outside it; nor was the gasoline that ignited, and from which the fire originated, within the vehicle. If the gasoline had not escaped from within the vehicle, it is quite evident that there would have been no fire. The defendant was responsible for any damage caused to the machine by reason of the burning of the gasoline, whether it was in the tank or had leaked from the tank, provided the fire did not originate within the vehicle. I suppose there would have been no doubt that, if the gasoline on the water in consequence of this accident had been ignited by a match or other light disconnected with the machine, the defendant would have been liable; and the fact that the fire was communicated to the gasoline by a lamp screwed onto the outside of the vehicle did not make it a fire originating within the vehicle.

It is settled that if a provision in a policy is susceptible of two constructions, so that reasonable men, on reading the contract, would differ as to its meaning, that construction will be adopted which is most favorable to the insured (Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856; Michael v. Prussian Nat. Ins. Co., 171 N. Y. 25, 63 N. E. 810); and this rule is particularly applicable where the liability of the insurance company is general, and a fire is sought to be brought within an exception to the general liability to discharge the insurer. In such a case "effect should be given to any clause exempting him from liability only where the case falls clearly within the exception, and that the doubt should be resolved against the company." Devitt v. Providence Washington Ins. Co., 61 App. Div. 390, 70 N. Y. Supp. 654, affirmed 173 N. Y. 17, 65 N. E. 777. See, also, Griffey v. N. Y. Cent. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231. It seems to me, therefore, that this fire was not within the exception, and that the plaintiff was entitled to recover.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except CLARKE, J., who dissents.

---

(118 App. Div. 788)

PRESTON v. UNION ASSUR. SOC.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

INSURANCE—FIRE POLICY—CAUSE OF LOSS—PLACE OF ORIGIN OF FIRE.

Where an accident to an automobile resulted in the leakage of gasoline from the tank, and fire was communicated to the gasoline, which had escaped, from burning lamps affixed to the outside of the vehicle, the fire loss on the vehicle was not one "originating in the automobile itself," within a clause of a fire policy exempting the insurer from liability for fire, so originating.

Clarke, J., dissenting.