none of them are inside the vehicle, and not, therefore, within the vehicle. Using this highly inflammable substance, gasoline, exploded by electric sparks, exposed the machine to danger of the gasoline in the tank exploding and setting fire to the vehicle; and for such a fire the defendant was not to be liable, as such a fire would undoubtedly originate within the machine. But the lamp was not within the vehicle, but was outside it; nor was the gasoline that ignited, and from which the fire originated, within the vehicle. If the gasoline had not escaped from within the vehicle, it is quite evident that there would have been no fire. The defendant was responsible for any damage caused to the machine by reason of the burning of the gasoline, whether it was in the tank or had leaked from the tank, provided the fire did not originate within the vehicle. I suppose there would have been no doubt that, if the gasoline on the water in consequence of this accident had been ignited by a match or other light disconnected with the machine, the defendant would have been liable; and the fact that the fire was communicated to the gasoline by a lamp screwed onto the outside of the vehicle did not make it a fire originating within the vehicle.

It is settled that if a provision in a policy is susceptible of two constructions, so that reasonable men, on reading the contract, would differ as to its meaning, that construction will be adopted which is most favorable to the insured (Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856; Michael v. Prussian Nat. Ins. Co., 171 N. Y. 25, 63 N. E. 810); and this rule is particularly applicable where the liability of the insurance company is general, and a fire is sought to be brought within an exception to the general liability to discharge the insurer. In such a case "effect should be given to any clause exempting him from liability only where the case falls clearly within the exception, and that the doubt should be resolved against the company." Devitt v. Providence Washington Ins. Co., 61 App. Div. 390, 70 N. Y. Supp. 654, affirmed 173 N. Y. 17, 65 N. E. 777. See, also, Griffey v. N. Y. Cent. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231. It seems to me, therefore, that this fire was not within the exception, and that the plaintiff was entitled to recover.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except CLARKE, J., who dissents.

---

(118 App. Div. 788)

PRESTON v. UNION ASSUR. SOC.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

INSURANCE—FIRE POLICY—CAUSE OF LOSS—PLACE OF ORIGIN OF FIRE.

Where an accident to an automobile resulted in the leakage of gasoline from the tank, and fire was communicated to the gasoline, which had escaped, from burning lamps affixed to the outside of the vehicle, the fire loss on the vehicle was not one "originating in the automobile itself," within a clause of a fire policy exempting the insurer from liability for fire, so originating.

Clarke, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Veryl Preston against the Union Assurance Society.   Appeal by plaintiff from a judgment in favor of defendant.   Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Graham Sumner, for appellant.

Charles D. Cleveland, for respondent.

INGRAHAM, J.   The same question is presented in this case as in Preston v. Ætna Ins. Co. (decided herewith) 103 N. Y. Supp. 638. There is a slight difference in the form of the exception, which in this case is as follows:

"It is a condition of this policy that this company is not liable for any loss or damage to an automobile, any of its parts, or its contents, insured under this policy, caused by fire originating in the automobile itself."

It seems to me that the reasonable construction of this clause, as in the Ætna Case, is that the exception is to relate to a fire the exciting cause of which proceeds from the vehicle itself, and not from the outside.   That this was the construction that the insurance company itself gave to this policy is shown by the fact that the assured warranted that the filling of the reservoir of an automobile was to take place by daylight only; for, if the exception covered a fire caused in consequence of the ignition of this gasoline in any other way, except in the interior of the machine, such a warranty would have been quite unnecessary.

It follows that the judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur, except CLARKE, J., who dissents.