## HALL v. COUNTY OF LOS ANGELES.*

### No. 11,833; May 18, 1887.

13 Pac. 854.

Contracts.—An Action was Brought by an Architect Against a County to Recover for the value of services rendered in making certain plans for a jail building, which plans had been accepted conditionally by the county board of supervisors, provided that a bid should be accepted from some reliable party for the building of the jail. The board of supervisors refused to open any of the bids received, and rejected plaintiff's plans, on the ground that he had been guilty of improper acts in getting his plans provisionally accepted. Held, that it was within the discretion of the board to refuse to open or accept any of the bids based upon plaintiff's plans, and that the condition upon which plaintiff was entitled to compensation never having happened, he could not recover.

APPEAL from Superior Court, Los Angeles County.

Action for the value of certain services alleged to have been rendered by plaintiff in making certain plans for defendant.

The complaint shows that the board of supervisors of Los Angeles county made an order to the effect that the board would receive plans and specifications for a jail and appurtenant buildings, the board reserving the right to reject any and all plans and specifications. The board adopted the plan of the plaintiff for a county jail, with certain provisos, among which was that the plans should not be considered adopted unless the board accepted a bid from a reliable party to the effect that such party would construct the buildings proposed for a sum not exceeding fifty thousand dollars. After this order was entered the defendant submitted certain drawings, and the clerk was directed to give notice to all persons who desired to bid upon a jail building to be erected in accordance with plaintiff's plans and specifications. In this notice the board reserved the right to reject any and all bids. The notice was published, and the plaintiff claims that bids were made by reliable parties within the required figures. Before any plans or specifications were finally adopted, the board

*For subsequent opinion in bank, see 72 Cal. 502, 16 Pac. 313.

made an order rejecting the plaintiff's plans, on the ground that he had been party to certain improper acts in getting his plans conditionally accepted, and refused to open any of the bids received, based upon said plans.

Williams & McKinley for appellant; Geo. M. Holton and Bicknell & White for respondent.

FOOTE, C.—The demurrer to the complaint was properly sustained. The plaintiff had no claim against the defendant, the county of Los Angeles, according to his own pleading, save and except one based upon the condition that the board of supervisors of that county should accept the bid of some "reliable party" for the building of a jail. They refused, in the exercise of a proper discretion, as the complaint shows, to open or accept any of the bids tendered, on the ground that the plaintiff had been a party to certain improper acts in getting his plans conditionally accepted. Thus the condition upon which alone he had, or could have had, any claim for compensation for his alleged services never happened, not because of any fault of the board of supervisors, but for the reason that they, in the exercise of a rightful discretion, refused to entertain or accept bids which they believed were based upon plans tainted with fraud, with which the plaintiff appeared to them to be in collusion. As guardians of the best interests of their county, they could not have properly acted otherwise, and the judgment should be affirmed.

We concur: Belcher, C. C.; Hayne, C.

By the COURT.—For the reasons given in the foregoing opinion judgment is affirmed.