AUDSLEY et al. v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1896.)

CONTRACTS—PREMIUM FOR ARCHITECT'S DESIGNS.

Pursuant to authority given by an act of the legislature, a board of commissioners advertised for plans for a building to be erected in behalf of the city of New York. The advertisement stated that the plans offered would be submitted to a committee of architects, who would select the best six plans; that the designer of the one adjudged by the board of commissioners to be first best would be appointed architect of the building, and the designers of the other five would each receive a premium of $2,000. Plaintiff, among many others, submitted plans. The committee of architects made its report, but, before the board of commissioners had made a decision, the act authorizing the erection of the building was repealed. Plaintiff then sued the city for his services in preparing the plans. No evidence was offered to show that plaintiff's plans were among the best six selected by the committee. *Held*, that plaintiff had no cause of action.

In Error to the Circuit Court of the United States for the Southern District of New York.

Chas. G. F. Wahle (Edward C. Stone on the brief), for plaintiffs in error.

Theodore Connoly, for defendants in error.

Francis M. Scott, for the corporation.

Before WALLACE and SHIPMAN, Circuit Judges, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. Error is assigned of the ruling of the trial judge in directing the jury to find a verdict for the defendants.

The action was brought to recover the value of services rendered by the plaintiffs as architects in preparing plans and designs for a public building to be erected for the city of New York by a board of commissioners, who, by chapter 299 of the Laws of New York of 1890, as amended by chapter 414 of the Laws of 1892, were empowered to select and locate a site and erect the building in behalf of the city. It appeared in evidence that the plans and designs were made pursuant to an advertisement of the board of commissioners inviting plans and specifications of which the following are the material portions:

"In the examination and judgment of the designs, the board of commissioners will be assisted by a committee to be selected by the said board from a list nominated by the New York Chapter of the American Institute of Architects and the Architectural League of New York. This committee will consist of three competent architects who do not take part in the competition. Five equal premiums of $2,000 each shall be awarded to the authors of designs adjudged by the board of commissioners to be the second, third, fourth, fifth, and sixth best of those submitted; and the author of the designs adjudged to be the first best by the said board of commissioners will be appointed architect for the construction of the building, provided his professional standing is such as to guaranty a proper discharge of his duties; and he will be paid a commission on the total cost of the work, viz. 5 per cent. on the first $1,000,000, 4 per cent. on the second $1,000,000, and 3 per cent. on the remainder. The conditions under which this competi-

tion is to be conducted, and the requirements of the board, are described in a paper entitled 'Instructions to Architects,' which may be obtained on application at the comptroller's office, No. 280 Broadway."

The following are the material parts of the conditions contained in the said "Instructions to Architects":

"All architects are invited to present designs for the building. These designs will be submitted to the committee of architects, * * * who will examine them, and select those which they find to be the best, six in number, which they will name to the board, with their comments. The board will then make its decision as to which design is the best, and will appoint the author thereof architect of the building, provided his standing is such as to guaranty a proper discharge of his duties."

The committee of architects mentioned in the advertisement having been duly appointed, plaintiffs, September 1, 1893, prepared and submitted plans and designs. December 23, 1893, the committee of architects made a report to the board of commissioners, stating, in substance, that 134 sets of drawings had been submitted to them in competition for the municipal building, and been examined by them, from which they had selected 6 which seemed most commendable. By an act of the legislature of New York passed May 8, 1894 (chapter 547), chapter 299 of the Laws of 1890, authorizing the erection of the building, was repealed. The board of commissioners had not at that time made any decision or award respecting the plans and designs, nor did they make any previous to the commencement of the present action.

Upon these facts, and without discussing the other questions of law which have been argued at the bar, we are of the opinion that the trial judge properly directed a verdict for the defendants, because no evidence was given by the plaintiffs to show that the plans and designs submitted by them were reported as among the best six selected by the committee of architects. The services of the plaintiffs were rendered under a contract by which they were to receive nothing except in the event of a favorable award by the board of commissioners, based upon the report of the committee of architects, and by which the award was to be confined to the six best plans and designs reported by that committee. There is no presumption that the plans and designs of the plaintiffs were the best and most satisfactory of the large number submitted in competition, or among the best six reported by the committee. Unless they were among the best six, the board of commissioners were under no obligation to make an examination or award. They only undertook by their proposal to act upon the best six. It was incumbent upon the plaintiffs to show that the condition precedent to their right of compensation had happened. Butler v. Tucker, 24 Wend. 447; Smith v. Briggs, 3 Denio, 73; Jones v. Bank, 8 N. Y. 228; Shuey v. U. S., 92 U. S. 73; Hall v. Los Angeles Co. (Cal.) 13 Pac. 854; Wangler v. Swift, 90 N. Y. 38.

The judgment is affirmed.