ROBERT D. FRASER, Plaintiff, *v.* MATTHEW A. CARTON and MATTHEW A. CARTON and Another, as Executors, etc., of EDWARD A. CARTON, Deceased, Defendants.

MATTHEW A. CARTON and MATTHEW A. CARTON and Another, as Executors, etc., of EDWARD A. CARTON, Plaintiffs, *v.* ROBERT D. FRASER, Defendant.

Supreme Court, Oneida County, June 30, 1931.

*Foley & Guile,* for Robert D. Fraser.

*Kernan & Kernan* [*James Coupe* of counsel], for Matthew A. Carton and others.

DOWLING, J. By stipulation of the parties the above actions were consolidated and tried together. The first action is for declaratory judgment, for the construction of the terms of a lease. The second action is one at law for rent, with interest thereon, the determination of which necessarily involves the construction of the same lease with respect to which the declaratory judgment is asked.

On May 1, 1905, Edward A. Carton, since deceased, and Matthew A. Carton made and entered into a written agreement with Robert Fraser, since deceased, and to whose right, title and interest, under the agreement, Robert D. Fraser has succeeded, wherein and whereby Edward A. Carton and Matthew A. Carton leased to Robert Fraser, for a term of ninety-nine years, certain premises situate in the city of Utica, N. Y., and in and by the terms of the lease the rent covenanted to be paid, by the lessee, was as follows: " On the first day of August, 1905, for the term ending that day, the sum of Two Thousand Dollars ($2,000) on the first day of November 1905, for the term ending that day, the sum of Twenty

Five hundred dollars ($2,500), on the first day of February, 1906, for the term ending on that day, the sum of Twenty five hundred dollars ($2,500); on the first day of May, 1906, for the term ending on that day, the sum of twenty five hundred dollars ($2,500); and thereafter for the term of four years, upon each and every of the first days, of August, November, February and May, the sum of Twenty five hundred dollars ($2,500) and thereafter for the term of ninety-four (94) years, upon each and every of the first days of August, November, February and May, the sum of Three thousand dollars."

A further clause in the lease provided that " On the first day of May, 1915, or any ten year period thereafter, the value of the land hereby leased and demised may at the option of the parties of the first part, their heirs, executors or assigns, be appraised and valued in the manner following, viz:— By one appraiser selected by parties of the first part, their heirs, executors or assigns, and one appraiser selected by party of the second part, his heirs, executors or assigns, and in case the two appraisers do not agree upon a valuation of said land, then, and in that event, said two appraisers are to select a third appraiser or arbitrator, or if they cannot agree upon a third appraiser or arbitrator, then and in that event either parties of the first or second part may, upon due notice to other party, apply to the Supreme Court, for the appointment of such third appraiser or arbitrator, and the valuation agreed upon by either two of said appraisers shall be considered as the value of said lands, and in the event that said valuation, shall exceed the sum of Two Hundred Thousand Dollars, then, and in that case, the amounts of fixed rentals herein agreed to be paid shall be increased for the ten years ensuing and said appraisal and valuation, by the amount of six per cent per annum, upon the valuation of said land over Two Hundred Thousand Dollars.  Said increased rentals to be paid quarterly yearly payments, by the party of second part, his heirs, executors or assigns, to the parties of the first part their heirs, executors or assigns, in addition to the considerations hereinbefore agreed to be paid, which said increased rental, the party of the second part, his heirs, executors and assigns, covenant and agree to pay.  The same agreement is to extend and apply to any ensuing ten year period, but an appraisal may be made at the option of either party, in the manner and form aforesaid, and if any of such future appraised valuations of land do not exceed Two Hundred Thousand Dollars, then and from that period during the ensuing ten years, said increased rentals upon appraised valuation over Two Hundred Thousand Dollars, are to cease and determine and the rents and considerations of this lease

are to be paid, performed and maintained as hereinbefore agreed upon, and in no event are said agreed fixed rentals to be diminished for the entire term of this lease," and, on or about May 1, 1915, or as of said date, by proceedings duly had for such purpose, the value of the leased land was appraised and valued at $225,000, upon which increased valuation the amount of fixed rental, under the terms of the lease quoted, was increased and thereafter paid by the lessee, or his successor in interest, for the ten years ensuing or until May 1, 1925.

On or about May 1, 1925, or as of said date, by proceedings duly had for such purpose, the value of the leased lands was appraised and valued at $425,000, the appraisal of the appraisers, duly appointed for such purpose, and which said appraisal was dated November 24, 1926, reading " which said sum of Four Hundred Twenty Five Thousand Dollars ($425,000) we hereby fix and determine as the valuation of said lands on May 1, 1925, upon which the rentals to be paid therefor by said Robert D. Fraser, his heirs, executors and assigns, shall be estimated and fixed as prescribed by the provisions of said lease."

Afterwards, in an action which was commenced by Edward A. Carton and Matthew A. Carton, an effort was made to vacate and set the appraisal aside on account of alleged irregularities on the part of the appraiser appointed by the court — Mr. Coupe, the Carton appraiser, having expressly dissented from the appraisal as made — the complaint being eventually dismissed although the trial court commented, in its opinion, that there was " no question but what the independent investigation conducted * * * would have constituted ' misbehavior,' if the proceeding had been under the statute;" and thereafter, upon an appeal by plaintiffs to the Appellate Division of the Supreme Court, Fourth Department, the judgment of dismissal was affirmed, and later, on November 25, 1930, an application having been made by plaintiffs for leave to appeal to the Court of Appeals, the application was denied.

Meanwhile, on April 21, 1927, after the commencement of the action to set the appraisal aside, the lessee disputing that the increased rental should begin on May 1, 1925, or that it should draw interest — contending, rather, that the increased rental should date only from November 24, 1926, the date of the appraisal, and that it should be without interest — the parties entered into a written agreement that all moneys paid should be applied on the rent on the date of payment thereof, " the question as to whether the increased rent under an appraisal therefor shall be May 1st, 1925, or on the date of the appraisal and also the question as to

whether any interest shall become due thereon " to be reserved for further determination.

Since May 1, 1925, the lessee has made quarterly payments of $3,381, based on the valuation of the premises which prevailed down to that date, and on January 21, 1931 — after the termination of the action brought to vacate the new appraisal — there was paid $50,250.91, to apply on the increased rent due by reason thereof; $18,611.09 of the total amount, $68,862, claimed by the lessors, however, was withheld by the lessee, it being the lessee's contention, as has already been stated, that the increased rental only became effective on November 24, 1926, the date of the appraisal, rather than on May 1, 1925, the old rental carrying over and remaining in force during the intervening period of more than eighteen months mentioned. Any payment, also, on account of interest, was refused.

The lessors contend that the increase in rentals should commence May 1, 1925; the lessee that the increase did not become effective until the actual determination of the appraisers on November 24, 1926.

The plain intent of the parties to the lease, so far as this litigation is concerned, was that the increase of rentals should begin May 1, 1925. Any different construction would lead to " harsh and unreasonable results." An interpretation that will lead to such results is to be avoided. (*Aldrich* v. *New York Life Insurance Co.*, 235 N. Y. 214, 224; *Fleischman* v. *Fergueson*, 223 id. 235, 239.) That the parties intended that the increase of rentals should begin on May 1, 1925, is reasonably clear from the provisions of the lease in question. It is unnecessary, therefore, to pronounce a declaratory judgment of that fact.

The executors assert that increased rentals should bear interest from May 1, 1925. The lessee maintains that the increased rentals should bear interest, if at all, from November 25, 1930, the date the Court of Appeals denied application of the executors to appeal to it from the judgment of the Appellate Division which affirmed the judgment of the trial court refusing to set aside the said appraisal.

On November 24, 1926, the appraisers rendered decision determining the value of the leasehold in question as of May 1, 1925, to be $425,000. The lessee then knew the exact amount of rent which he would be called upon to pay. Up to that time, he could not have anticipated what award the appraisers would make and, therefore, could not be called upon to pay interest for the increased rentals prior to that date. He is to be cast, however, in interest on unpaid balances from that date forward. If he

desired to avoid the payment of interest upon accrued rentals from November 24, 1926, he should have made a tender of the rent to the lessors, and if they refused to accept the same, he should have paid the money into court. He did neither. The fact that the executors sought to set aside the appraisal, and failed, is no defense against the payment of interest after the date of the said appraisal. (Civ. Prac. Act, § 480.) It was not incumbent upon the executors to demand the rent or interest thereon. (*Locklin* v. *Moore*, 57 N. Y. 360, 362, 363; *Tuzzeo* v. *American Bonding Co.*, 226 id. 171, 176, 177.) Nor is it inequitable to compel the lessee to pay interest from November 24, 1926, because he has had the use of the money since said date.

The lessors are entitled to judgment in the action brought by them for $18,611.09, being the amount of rent unpaid from May 1, 1925, with interest thereon at six per cent from November 24, 1926. The action for a declaratory judgment brought by the lessee should be dismissed, without costs.

Findings and judgment accordingly.